Scofield, J.,
delivered the opinion of the court:
August 21,1886, the claimant was appointed United States supervisor of elections for the Fourth Congressional district of Philadelphia.
After the election he presented to the marshal, who is authorized to pay such officers, a properly authenticated bill for ten days’ service, at $5 a day.
October 15,1886, a circular addressed to United States marshals was issued by the Attorney-General, in which, among other instructions, he said, “ It is not expected that supervisors will receive compensation for more than five days’ services, and they should be so informed.” When the claimant’s *322 bill was presented the marshal paid him only $25, which he received under protest. It appears be had not been informed of the circular.
Section 2031, Revised Statutes United States, provides:
“And there shall be allowed and paid to each supervisor of election * * * who is appointed and performs his duty under the preceding provisions, compensation at the rate of $5 per day for each day he is actually on duty not exceeding ten days.”
To make up the ten days the claimant counted the day in which he received his appointment, printed instructions, and blanks. This was not, in the opinion of the court, the “ actual duty ” contemplated by the “ preceding provisions.” In getting his appointment and instructions he was serving himself,, not the Government.
Under the laws of the State a list of the persons in the district supposed to be qualified voters, with their alleged places-of residence, is made out by the assessors in June and exposed to public inspection until September, at which time the State officers of registration, for the purpose of correcting it by erasures and additions, are required to sit with open doors for two days in each election district. At these sessions the claimant was required by section 2016 to be present. To prepare himself for these meetings he copied this list of names, with the assigned places of residence, and then, to verify its correctness and note omissions, undertook a house-to-house canvass of the-district. In this work he was occupied during three days.
This service, if not unnecessarily prolonged (and no objection is made by the defendants to the length of time), was all important for the intelligent discharge of his duty on the coming two days of final revision. It is authorized by section 2026-of the Revised Statutes, which provides that the chief supervisor shall “cause the names of those'upon any such list, whose right to register or vote is honestly doubted, to be verified by proper inquiry and examination at the respective places by them assigned as their residences.”
The two days in which the claimant sat with the State board of revision are not disputed.
On the day following these sessions the claimant made up a report of the proceedings, with a list of names marked for challenge, and presented it to the chief supervisor, as authorized and required by sections 2016 and 2026.
*323 On the day of election (November 2) he sat with the election officers, as required by section 2017. The count was not completed until midnight.
On November 3 he filled up the return sheets of votes cast for a Representative in Congress, made out his report on the conduct of the election, and on the following day presented them to the chief supervisor, as required by sections 2018,2020, and 2026 of the Revised Statutes.
In the opinion of the court he is entitled to pay for the day of the election and for one day only thereafter to make up and file with the chief supervisor his report of the proceedings.
By these rulings he is entitled to pay for eight days’ service, amounting to $40. Having already been paid $25, judgment, will be entered for $15.